UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

| | |
|---|---|
| VELTA THOMPSON, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER**<br>18-CV-5557 (MKB) |
| v. | |
| MARRIOTT INTERNATIONAL, | |
| Defendant. | |

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

     Plaintiff Velta Thompson, appearing *pro se*, commenced the above-captioned action on September 24, 2018, against Defendant Marriott International, her former employer. Plaintiff asserts a claim of discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), seeking damages. (Compl. 3, 6–7, Docket Entry No. 1.)[1] The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court dismisses the Complaint and grants Plaintiff thirty (30) days to file an amended complaint.

    **I. Background**

     The Court assumes the truth of the factual allegations in the Complaint for the purposes of this Memorandum and Order. Plaintiff was employed at Defendant's Ritz Carlton Hotel in St. Thomas, United States Virgin Islands. (*Id.* at 3.) On July 27, 2012, Plaintiff "was injured while performing [her] duties," and required medical attention. (*Id.* at 5.) Plaintiff last "went to work" on October 24, 2014, and on April 12, 2017, the Disability Rights Center requested an

---

[1] Because the Complaint is not consecutively paginated, the Court's citations refer to the page numbers assigned by the Electronic Document Filing System.

accommodation on her behalf, but Defendant failed to accommodate the "request for transfer to a job [she] could perform." (*Id.*)

On October 30, 2017, Defendant terminated Plaintiff's employment. (*Id.*) Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), and on August 27, 2018, the EEOC issued a Notice of Dismissal and Right to Sue ("Right to Sue Letter"), which Plaintiff received on September 7, 2018. (*Id.* at 6; Right to Sue Letter, Docket Entry No. 4-2.)

Plaintiff alleges claims for "[t]ermination of [her] employment" and "[f]ailure to accommodate [her] disability" on the Court's form Complaint for employment discrimination claims. (Compl. 4.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nevertheless, the

court is required to dismiss *sua sponte* an *in forma pauperis* action if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### b. Plaintiff fails to state a claim under the ADA

ADA employment discrimination claims are assessed using the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Littlejohn v. City of New York*, 795 F.3d 297, 307–09 (2d Cir. 2015) (discussing burden-shifting) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000)); *Davis v. New York City Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) (applying *McDonnell Douglas* framework to ADA discrimination claim). Under the framework, a plaintiff must first establish a prima facie case of discrimination by showing that: "(1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by her employer; (3) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse action was imposed because of her disability." *Davis*, 804 F.3d at 235; *Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 21 (2d Cir. 2015). If the plaintiff meets this "minimal"

burden, *Holcomb v. Iona Coll.*, 521 F.3d 130, 139 (2d Cir. 2008), a "temporary presumption" of discrimination arises, and the burden shifts to the defendant-employer to articulate a legitimate, nondiscriminatory reason for the challenged conduct, *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (quoting *Littlejohn*, 795 F.3d at 307). If the defendant-employer articulates such a reason, the burden shifts back to the plaintiff to show that the defendant-employer's reason was pretext for the discrimination. *Id.* at 83.

At the pleading stage, "the plaintiff does not need substantial evidence of discriminatory intent," and need only "sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation." *Littlejohn*, 795 F.3d at 311 (emphasis in original); *see also Vega*, 801 F.3d at 87 ("[A] plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."). "[A] plaintiff need only give plausible support to a minimal inference of discriminatory motivation." *Id.* at 84 (internal quotation marks and citation omitted).

However, "a discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (internal alterations, quotation marks, and citations omitted); *see also Giambattista v. Am. Airlines, Inc.*, 584 F. App'x 23, 25 (2d Cir. 2014) ("To state a claim for discrimination under the ADA, a plaintiff must allege facts which plausibly suggest, inter alia, that she 'suffered [an] adverse employment action because of [her] disability.'") (quoting *Giordano v. City of New York,* 274 F.3d 740, 747 (2d Cir. 2001) (alterations in original)). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such

4

individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities include, *inter alia*, standing, lifting, bending, speaking, and working. 42 U.S.C. § 12102(2)(A); *see also Parada v. Banco Industrial De Venezuela, C.A.*, 753 F.3d 62, 68 (2d Cir. 2014).

Plaintiff fails to identify her disability and fails to state facts sufficient to plead a plausible claim that her former employer discriminated against her because of her disability.

### III. Conclusion

For the foregoing reasons, the Court dismisses the Complaint for failure to state a claim and grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order. All further proceedings shall be stayed for thirty (30) days. Plaintiff is advised that the amended complaint will completely replace the original complaint. The amended complaint should be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order. If Plaintiff fails to amend her Complaint within thirty (30) days as directed by this Memorandum and Order, the Court may dismiss the Complaint. If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and *in forma pauperis* status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: December 10, 2018
      Brooklyn, New York

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge